JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN MIRZAKHANIANS,<br><br>               Plaintiff,<br><br>    v.<br><br>BMW FINANCIAL SERVICES NA, LLC, *et al.*,<br><br>               Defendants. | Case No. 2:24-cv-05358-FLA (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 10]** |

**RULING**

Before the court is Plaintiff Armen Mirzakhanians' ("Plaintiff") Motion to Remand the Case to Los Angeles Superior Court ("Motion"). Dkts. 10 ("Mot."), 10-1 ("Margarian Decl."). Defendant BMW Financial Services NA, LLC ("BMW") opposes the Motion. Dkt. 16 ("Opp'n"). On September 18, 2024, the court found the matter appropriate for resolution without oral argument and vacated the hearing set for September 20, 2024. Dkt. 25; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion.

**DISCUSSION**

I.  **Background**

Plaintiff initiated this action in the Los Angeles County Superior Court on December 12, 2023, against Defendants BMW and Sai Monrovia B, Inc.,[1] asserting causes of action for fraud and deceit, breach of the implied covenant of good faith and fair dealing, violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, and violation of the California Consumer Legal Remedies Act ("CLRA"). Dkt. 1-1 ("Compl."). In relevant part, the Complaint seeks $413,278.43 in damages. *Id.*, Prayer for Relief.

On June 25, 2024, BMW removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. Prior to filing the instant Motion, Plaintiff filed a "Request to Dismiss Cause of Action for Fraud and Deceit and Strike Request for Punitive Damages" (Dkt. 9), which the court granted on September 6, 2024 (Dkt. 22). Plaintiff now moves to remand the action to the Los Angeles County Superior Court for lack of subject-matter jurisdiction, arguing the amount in controversy does not exceed $75,000. Mot.

/ / /

/ / /

---

[1] Plaintiff dismissed Sai Monrovia B, Inc. as a defendant on May 31, 2024. Margarian Decl. ¶ 5.

2

## II. Legal Standard

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As the removing party, BMW bears the burden to establish the court's subject matter jurisdiction over this action. *See id.* at 567.

## III. Analysis

Plaintiff argues the "realistic amount of recovery" is $41,265.27, and BMW fails to "prove [] the amount in controversy requirement … has been satisfied," because it does not establish that the inclusion of punitive damages and/or attorney's fees exceeds the jurisdiction threshold. Margarian Decl. ¶¶ 10, 12, 14, 16. BMW

3

1 argues the allegations in the Complaint expressly seek damages of $413,265.27 and it
2 is immaterial that Plaintiff later amended the Complaint to strike the request for
3 punitive damages, as the amount in controversy is determined at the date of removal.
4 Opp'n at 9 (relying on *Chavez v. JP Morgan*, 888 F.3d 413, 418 (9th Cir. 2018)). The
5 court agrees with Plaintiff.

6       BMW asserts correctly post-removal amendments to the Complaint have no
7 bearing on whether removal was proper. *See Williams v. Costco Wholesale Corp.*,
8 471 F.3d 975, 976 (9th Cir. 2006). However, "[w]hen a complaint filed in state court
9 alleges on its face 'damages in excess of the required jurisdictional minimum,' the
10 amount pled controls *unless it appears to a 'legal certainty' that the claim is for less*
11 *than the jurisdictional amount.*" *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998
12 (C.D. Cal. 2021) (emphasis added).

13       Here, though the Complaint seeks recovery of $413,278.43 in damages, the
14 facts and causes of action pleaded do not support recovery of over $75,000. *See*
15 Compl., Prayer for Relief; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.
16 2002) (statement of damages "is relevant evidence of the amount in controversy if it
17 appears to reflect a reasonable estimate of the plaintiff's claim."); *Romsa v. Ikea U.S.*
18 *W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal.
19 Aug. 28, 2014) ("A plaintiff's damage estimate will not establish the amount in
20 controversy, however, if it appears to be only a bold optimistic prediction.") (internal
21 quotation marks omitted). Specifically, the Complaint alleges BMW "failed to remit
22 Plaintiff his equity of $28,069.64," and "failed to refund Plaintiff [] monthly
23 payments" totaling $13,196.12. Compl. ¶¶ 48, 50. Thus, the Complaint places only
24 $41,265.27 in controversy. The remaining $372,013.16 appears only to be a "bold
25 optimistic prediction" and not a reasonable estimate of damages. *Romsa*, 2014 WL
26 4273265, at *2.

27       As BMW bears the burden of establishing, by a preponderance of the evidence,
28 that the amount in controversy requirement has been satisfied, *see Carillo*, 546 F.

4

1 Supp. 3d at 998, BMW contends the court should include in its calculations "all
2 recoverable damages sought by [] plaintiff, including compensatory damages, punitive
3 damages, statutory penalties and attorney's fees when authorized by statute." Opp'n
4 at 11. However, "the mere possibility of a punitive damages award is insufficient to
5 prove that the amount in controversy requirement has been met." *Ogden v. Dearborn*
6 *Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present
7 appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for
8 punitive damages establishes that it is more likely than not that the amount in
9 controversy exceeds $75,000." *Id.* Accordingly, a removing defendant must
10 "articulate why the *particular facts* that are alleged in the instant action might warrant
11 extraordinary punitive damages." *Id.* (emphasis in original) (quoting *Haisch v.*
12 *Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

13       BMW argues only "a punitive damages award sufficient to meet the
14 jurisdictional threshold at the time of removal would have only needed to amount to
15 less than 1.9-to-1 ratio, which California courts have consistently found to be within
16 the permissible range of recovery." Opp'n at 11–12. This is insufficient, as BMW
17 does not explain or offer evidence establishing why any particular facts pleaded might
18 warrant punitive damages if proven or identify any comparable cases in which
19 punitive damages were awarded based on similar facts as pleaded in the Complaint.
20 Importantly, BMW does not argue any specific amount of punitive damages is likely
21 to be awarded, and thus, the court cannot determine whether inclusion of punitive
22 damages is sufficient to satisfy the jurisdictional threshold.

23       Similarly, BMW argues attorney's fees "are properly included in determining
24 the amount in controversy, including for claims seeking fees under the CLRA."
25 Opp'n at 11–12 (citing Cal. Civ. Code § 1780(e)). While courts "must include future
26 attorneys' fees recoverable by statute or contract when assessing" the amount in
27 controversy, a removing defendant must establish the "amount in controversy
28 (including attorneys' fees) exceeds the jurisdictional threshold with summary-

judgment-type evidence[.]" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  A "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

As an initial matter, BMW does not identify any statutory or contractual basis upon which Plaintiff may recover attorney's fees other than the CLRA claim.  As above, far from offering evidence establishing attorney's fees are reasonably likely to be awarded to Plaintiff should he prevail on that claim, BMW does not offer any specific amount of attorney's fees the court should consider in its calculation of the amount in controversy.  Thus, BMW has not met its burden to show that any attorney's fees are in controversy.

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court GRANTS the Motion, and REMANDS the action to the Los Angeles County Superior Court, Case No. 23AHCV02880.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 23, 2024

						  _____
						  FERNANDO L. AENLLE-ROCHA
						  United States District Judge

6